

FILED by _RCS_ D.C.

NOV 1 2 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-23451**

ACRYLICON USA, LLC,
a Delaware limited liability company,

      Plaintiff,

                            **JURY TRIAL DEMANDED**

v.

SILIKAL GMBH, a foreign company,

      Defendant.

                            *CIV-MOORE*

_____/

                                          MAGISTRATE JUDGE
                                           SIMONTON

### COMPLAINT

COMES NOW, Plaintiff ACRYLICON USA, LLC, by its undersigned attorneys, and for its Complaint hereby sues Defendant SILIKAL GMBH, and alleges as follows:

### SUMMARY OF ACTION

1.    This is a civil action for misappropriation of trade secrets, trademark infringement, unfair competition, and declaratory judgment.

### PARTIES AND JURISDICTION

2.    Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Chesapeake, Virginia. Plaintiff also conducts business in Miami-Dade County, Florida, and is *sui juris*.

3.    Defendant Silikal GmbH ("Silikal Germany") is a corporation organized and existing under the laws of Germany, with its principal place of business in Mainhausen, Germany.

---

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE  2699 SOUTH BAYSHORE DRIVE  MIAMI, FLORIDA 33133
T: 305.858.2900  F: 305.858.5261
Email: info@coffeyburlington.com  www.coffeyburlington.com

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1121, 1331, 1332, 1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(d) over the alien Defendant Silikal Germany.

6.      This Court has personal jurisdiction over Silikal Germany, since it regularly transacts business within this state, and/or has an office or agency in this state; has committed tortious acts or omissions within this state; has committed tortious injury in this state caused by an act or omission outside this state and regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or owns, uses, or possesses real property situated within this state. The activities of Silikal Germany within the state are substantial and not isolated.  In addition, this action arises out of transactions and operations connected with and incidental to Silikal Germany's business within the state.

7.      Among other conduct, Silikal Germany has shipped material into the State of Florida, contracted with distributors and brokers within the State of Florida, and generally engaged in commerce in Florida.

## THE PROPRIETARY, TRADE SECRET AND
## TRADEMARK PROTECTED "ACRYLICON" FLOORING SYSTEM

### The AcryliCon System

8.      Plaintiff markets and installs an industrial flooring system ("System"), which has been sold throughout the world for more than 30 years.

9.      The System is marketed under the trademarked "AcryliCon®" name and referred to generally as the "AcryliCon System."  Certain variations of the name are also used, such as the

2
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Case 1:09-cv-23451-KMM   Document 1   Entered on FLSD Docket 11/12/2009   Page 3 of 17

"AcryliCon Décor [or Dekor] System," the "AcryliCon Flake System," the "AcryliCon Granite System," the "AcryliCon Lacquer System," the "AcryliCon Variant System," and the "AcryliCon Microban System." The term "SW" is also used to describe the System. (The term "AcryliCon" will refer collectively to Plaintiff, the trademarked "AcryliCon System," and its trade secret components marketed and sold in the US by Plaintiff.)

**AcryliCon's Trademarks**

10.     These "AcryliCon" names and their variations are all protected by federal trademark registrations, as well as common law trademarks.

11.     Trademark applications were filed with the United States Patent and Trademark Office for the word mark "AcryliCon" and for the stylized word mark "AC AcryliCon" in both black-and-white and in color – for protection of its trademark for the goods and services of "commercial and industrial flooring, namely, floors formed from acrylic resin," and for the "installation, maintenance and repair of floor and wall coverings." These three marks ("Federal Trademarks") were registered in the United States Patent and Trademark Office under registration numbers 2,666,813, 2,669,542, and 3,564,938, and are outstanding and valid. (True and correct copies of the registrations are attached hereto as Exhibit "A.") AcryliCon, as a licensee, may use and enforce the Federal Trademarks, registered in the name of AcryliCon Norge AS, the common law trademarks, and the trade secret "AcryliCon" resins and products (as detailed below).

12.     Pursuant to 15 U.S.C. § 1115, these Federal Trademarks under registration numbers 2,666,813 and 2,669,542 are incontestable. In any event, the Federal Trademarks "AcryliCon" and "AC AcryliCon" – as well as the common law AcryliCon trademarks – are suggestive marks, and as such are inherently distinctive. (The Federal Trademarks and common law trademarks are referred to herein, collectively, as "Trademarks"). Alternatively, there is no

3

**COFFEY BURLINGTON**

question that the AcryliCon Trademarks have acquired a secondary meaning from its continuous use of the trademarks in interstate commerce, and the public's association of AcryliCon's name with its business.

13.     The AcryliCon Trademarks have obtained their common law trademark protection by virtue of their first use in commerce throughout the United States for many years.

14.     All of the AcryliCon Trademarks have accrued substantial goodwill over the years of their use.

## The Trade Secret

15.     The product on which the AcryliCon System is based is called "1061 SW."

16.     In technical terms, "1061 SW" is a modified methacrylate (or "MMA") resin. The resin is applied and then covered with a sealer to comprise an AcryliCon System floor.    The 1061 SW resin is one of the most important parts of the AcryliCon System.

17.     The formula for the 1061 SW resin (hereafter, "Formula") is a trade secret.

18.     Substantial economic value is derived from the Formula by virtue of its unique, confidential and exclusive nature, and customers pay a premium for the AcryliCon system for these reasons.  The unique, confidential and exclusive nature of the Formula is critical to the success of the AcryliCon System.

19.     Until recently, the AcryliCon resin has been manufactured by Defendant Silikal Germany, but, as a result of business disputes and quality control issues, an alternative source for the manufacture of this proprietary resin had to be found.

20.     The Formula and specifications for the 1061 SW resin are highly confidential.  It is not readily ascertainable by AcryliCon's competitors, and extensive efforts have been undertaken to ensure that the Formula remains secret.  Among other measures, the Formula is

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

locked securely in a safe, to which only a single person – Bjorn Hegstad, the founder and creator of the AcryliCon System – has access.

21.     Other than Mr. Hegstad, only Silikal Germany, and the alternative manufacturer, have information regarding the Formula.  Their access is limited, and solely for the purpose of fulfilling their role as manufacturer of the 1061 SW resin.

22.     The Formula has been entrusted to Silikal Germany for this limited purpose; Silikal Germany has knowingly accepted that trust; and is obligated to preserve the Formula in confidence as an AcryliCon trade secret.

### Silikal Germany's Misappropriation of the Trade Secret and Unfair Competition

23.     Silikal Germany has repeatedly confirmed, orally and in writing, that the Formula is exclusively an AcryliCon trade secret.

24.     Silikal Germany has a duty, including as a fiduciary, to preserve and maintain the secrecy of the Formula and to use it exclusively as an AcryliCon trade secret.

25.     Recently, however, as a result of business disputes between the parties, Silikal Germany has started contending that the Formula for 1061 SW belongs to it, and is not an AcryliCon trade secret.

26.     AcryliCon, therefore, is justifiably concerned that Silikal Germany will now disclose the confidential Formula to others, including AcryliCon's competitors.  AcryliCon is also justifiably concerned that Silikal Germany will distribute 1061 SW to entities other than AcryliCon, and otherwise misuse or improperly disclose the AcryliCon trade secret and proprietary information, which Silikal Germany was privy to solely because of its role as the manufacturer of the 1061 SW resin.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

27.     Plaintiff has been forced to retain undersigned counsel to bring this action, and is obligated to pay them their reasonable fees.

28.     All conditions precedent to the bringing of this action have been satisfied, performed, excused or waived.

## COUNT ONE
### (Misappropriation of Trade Secrets)

29.     AcryliCon realleges and incorporates by reference the allegations in paragraphs 1-28 above.

30.     This is a claim for misappropriation of trade secrets in violation of ch. 688, Florida Statutes.

31.     The Formula for 1061 SW is a trade secret.   AcryliCon derives independent economic value from the Formula not being generally known by other persons or companies who can obtain economic value from its disclosure or use, and is the subject of reasonable efforts to maintain its secrecy.

32.     Silikal Germany has had access to the trade secret Formula, solely and exclusively for the purpose of manufacturing the resin.  Silikal Germany, under the circumstances, has had, and continues to have, a duty to maintain its secrecy and to limit its exclusive use as an AcryliCon trade secret.

33.     Silikal Germany, however, has threatened to misappropriate the Formula by, among other things, disclosing or using the trade secret Formula as it chooses, in violation of Silikal Germany's duty to maintain its secrecy and limit its use exclusively as an AcryliCon trade secret.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900      F: 305.858.5261
Email:  info@coffeyburlington.com        www.coffeyburlington.com

34.     Silikal Germany's threats and conduct have and will cause AcryliCon injury, including irreparable harm and damage to its goodwill, reputation, and the value of its Trademarks.

35.     Silikal Germany's misappropriation is willful, intentional and malicious.

36.     Silikal Germany should be enjoined from misappropriating the AcryliCon trade secret.

WHEREFORE, AcryliCon demands entry of judgment against Silikal Germany for:

(a)     ordering Silikal Germany, pursuant to Fla. Stat. 688.006 and applicable common law, to preserve the secrecy of the AcryliCon trade secret and not to disclose it without prior court approval, including during the pendency of this action;

(b)     enjoining Silikal Germany, pursuant to Fla. Stat. § 688.003 and applicable common law, from misappropriating, including by using or disclosing, the AcryliCon trade secret and compelling Silikal Germany to take such acts as may reasonably be required to protect the AcryliCon trade secret;

(c)     awarding AcryliCon damages, pursuant to Fla. Stat. § 688.004 and applicable law, including exemplary damages under § 688.004(2), interest, costs, and attorneys' fees including as authorized by § 688.005; and

(d)     for such other and further relief this Court deems appropriate.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## COUNT TWO
### (Action under Lanham Act, 15 U.S.C. § 1125, and for Infringement of Common Law Trademark Rights)

37.     AcryliCon realleges and incorporates by reference the allegations in paragraphs 1-28 above.

38.     This is an action for injunctive and other relief pursuant to 15 U.S.C. § 1125(a) & (b) and applicable common law.

39.     The general public recognizes AcryliCon's Trademarks as being inherently distinctive and identifying AcryliCon's goods or services, including the AcryliCon Systems based on 1061 SW, and distinguishing them from those of others.

40.     Moreover, the AcryliCon products have developed throughout their many years in the industry, and have also developed a stellar reputation amongst customers, competitors, and the general public.

41.     It is well established and widely known that the source and origin of the AcryliCon System and 1061 SW is solely and exclusively AcryliCon.

42.     Silikal Germany threatens to manufacture, sell and distribute 1061 SW, and to do so using one or more of the AcryliCon Trademarks.

43.     The threatened action by Silikal Germany will infringe AcryliCon's Trademarks, including its Federal Trademarks and the common law AcryliCon trademarks.

44.     Such action is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, and association of Silikal Germany with AcryliCon and as to the origin, sponsorship and approval of 1061 SW.

45.     Such action by Silikal Germany, moreover, will misrepresent the nature, characteristics, qualities and origin of AcryliCon's proprietary and trade secret 1061 SW resin.

46.     Silikal Germany's threats and conduct are willful, intentional and malicious.

47.     The threats and conduct have and will cause AcryliCon injury, including irreparable harm and damage to its goodwill, reputation, and the value of its Trademarks.

WHEREFORE, AcryliCon demands entry of judgment against Silikal Germany:

(a)     enjoining it from infringing AcryliCon's trademarks;

(b)     enjoining it from importing 1061 SW into the United States, pursuant to 15 U.S.C. § 1115(b) and the common law;

(c)     enjoining it from distributing, selling, or marketing 1061 SW in violation of the AcryliCon Trademarks;

(d)     awarding AcryliCon damages, attorneys' fees, costs, and expenses which AcryliCon has incurred in this action, pursuant to 15 U.S.C. § 1117 and the common law; and

(e)     for such other and further relief this Court deems appropriate.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## COUNT THREE
### (Action For Unfair Competition)

48.     AcryliCon realleges and incorporates by reference the allegations in paragraphs 1-28 above.

49.     This is an action for unfair competition.

50.     1061 SW is solely and exclusively marketed and distributed by AcryliCon under the AcryliCon Trademarks.

51.     Silikal Germany has threatened to infringe on AcryliCon's Trademarks by selling and distributing 1061 SW, and to do so using one or more of the AcryliCon Trademarks. The threatened action by Silikal Germany constitutes unfair competition in violations of Section 43 and 44 of the Lanham Act and common law.

52.     Silikal Germany's threats and conduct are willful, intentional and malicious.

53.     This unfair competition has and will cause AcryliCon injury, including irreparable harm and damage to its goodwill, reputation, and the value of its Trademarks.

WHEREFORE, AcryliCon demands entry of judgment against Silikal Germany:

    (a)   enjoining it from infringing AcryliCon's trademarks;

    (b)   enjoining it from distributing, selling, or marketing 1061 SW in violation of the AcryliCon Trademarks;

    (c)   awarding AcryliCon damages, attorneys' fees, costs, and expenses which AcryliCon has incurred in this action, including pursuant to 15 U.S.C. § 1117 and the common law; and

    (d)   for such other and further relief this Court deems appropriate.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

## COUNT FOUR
### (Action For Declaratory Relief)

54.    AcryliCon realleges and incorporates by reference the allegations in paragraphs 1-28 above.

55.    This is a claim for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.

56.    The Formula for 1061 SW is a trade secret.

57.    1061 SW is solely and exclusively marketed and distributed under the AcryliCon trademarks.

58.    The Formula has been entrusted to Silikal Germany for the limited purpose of fulfilling their role as manufacturer of the 1061 SW resin. Silikal Germany has knowingly accepted that trust; and is obligated to preserve the Formula in confidence as an AcryliCon trade secret.

59.    Silikal Germany, however, contends that the Formula for 1061 SW is its trade secret, and that it has the unrestricted right to disclose or use the trade secret.

60.    Silikal Germany, moreover, claims it has the right to and threatens to manufacture, sell and distribute 1061 SW itself, and to do so using one or more of the AcryliCon Trademarks.

61.    Accordingly, a bona fide, actual, and present adversarial conflict exists between the parties. Plaintiff is in doubt about its rights and Defendant's rights, and requests entry of declaratory relief by the Court.

WHEREFORE, AcryliCon demands entry of declaratory judgment against Silikal Germany:

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

(a)     declaring that the Formula to 1061 SW is an AcryliCon trade secret, and that Silikal Germany has no right or interest in or to the Formula or the product, which are further protected by AcryliCon's trademarks;

(b)     declaring that Silikal Germany has no right and is barred from using or disclosing the Formula for 1061 SW or the product, including manufacturing, distributing, or selling 1061 SW under the Silikal or any other brand;

(c)     declaring that Silikal Germany must take such steps as may be reasonably required to protect the AcryliCon trade secrets;

(d)     declaring that Silikal Germany has no right to use or disclose the Formula for 1061 SW or the product, or otherwise infringe the AcryliCon Trademarks.

(e)     awarding AcryliCon damages, including interest, costs, and attorneys' fees; and

(f)     for such other and further relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated: November 10, 2009.

> COFFEY BURLINGTON
> /s/ Kevin C. Kaplan
> Kevin C. Kaplan
> Florida Bar No.933848
> 2966 South Bayshore Drive, Penthouse
> Miami, Florida 33133
> (305) 858-2900
>
> Attorneys for Plaintiff
> ACRYLICON USA, LLC

12

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

(a)     declaring that the Formula to 1061 SW is an AcryliCon trade secret, and that Silikal Germany has no right or interest in or to the Formula or the product, which are further protected by AcryliCon's trademarks;

(b)     declaring that Silikal Germany has no right and is barred from using or disclosing the Formula for 1061 SW or the product, including manufacturing, distributing, or selling 1061 SW under the Silikal or any other brand;

(c)     declaring that Silikal Germany must take such steps as may be reasonably required to protect the AcryliCon trade secrets;

(d)     declaring that Silikal Germany has no right to use or disclose the Formula for 1061 SW or the product, or otherwise infringe the AcryliCon Trademarks.

(e)     awarding AcryliCon damages, including interest, costs, and attorneys' fees; and

(f)     for such other and further relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated: November 10, 2009.

COFFEY BURLINGTON

By: _____
Kevin C. Kaplan
Florida Bar No.933848
2966 South Bayshore Drive, Penthouse
Miami, Florida 33133
(305) 858-2900

Attorneys for Plaintiff
ACRYLICON USA, LLC

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900    F: 305.858.5261
Email:  info@coffeyburlington.com     www.coffeyburlington.com

**Int. Cls.: 19 and 37**

**Prior U.S. Cls.: 1, 12, 33, 50, 100, 103, and 106**

**United States Patent and Trademark Office**

Reg. No. 2,666,813

Registered Dec. 24, 2002

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## ACRYLICON

ACRYLICON NORGE AS (NORWAY CORPORA-
TION)
SCHONNINGSGT.9
0362 OSLO, NORWAY

FOR: COMMERCIAL AND INDUSTRIAL
FLOORING, NAMELY, FLOORS FORMED FROM
ACRYLIC RESIN, IN CLASS 19 (U.S. CLS. 1, 12, 33
AND 50).

FIRST USE 10-0-1994; IN COMMERCE 4-1-2002.

FOR: INSTALLATION, MAINTENANCE AND
REPAIR OF FLOOR AND WALL COVERINGS, IN
CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 10-0-1994; IN COMMERCE 4-1-2002.

SN 75-772,683, FILED 8-10-1999.

TINA L. SNAPP, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT
A

**Int. Cls.: 19 and 37**

**Prior U.S. Cls.: 1, 12, 33, 50, 100, 103, and 106**

**United States Patent and Trademark Office**

**Reg. No. 2,669,542**
Registered Dec. 31, 2002

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

ACRYLICON NORGE AS (NORWAY CORPORA-
TION)
SCHONNINGSGT.9
0362 OSLO, NORWAY

FOR: COMMERCIAL AND INDUSTRIAL
FLOORING, NAMELY, FLOORS FORMED FROM
ACRYLIC RESIN, IN CLASS 19 (U.S. CLS. 1, 12, 33
AND 50).

FIRST USE 10-0-1994; IN COMMERCE 4-1-2002.

FOR: INSTALLATION, MAINTENANCE AND
REPAIR OF FLOOR AND WALL COVERINGS, IN
CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 10-0-1994; IN COMMERCE 4-1-2002.

SN 75-772,682, FILED 8-10-1999.

TINA L. SNAPP, EXAMINING ATTORNEY

Int. Cls.: 1 and 19

Prior U.S. Cls.: 1, 5, 6, 10, 12, 26, 33, 46 and 50

**Reg. No. 3,564,938**

## United States Patent and Trademark Office

Registered Jan. 20, 2009

### TRADEMARK
### PRINCIPAL REGISTER



ACRYLICON NORGE AS (NORWAY CORPORA-
TION)
SCHEITLICS GATE 14
N-3045 DRAMMEN
NORWAY

FOR: CHEMICALS FOR USE IN INDUSTRY;
ACRYLIC RESINS; AND HARDENERS FOR USE
IN THE MANUFACTURE OF ADHESIVES, IN
CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FOR: NON-METALLIC BUILDING MATERIALS,
NAMELY, WOODEN BOARDS, PARTICLE
BOARDS, DECKING BOARDS; INDUSTRIAL
FLOORING, NAMELY, FLOORS FORMED FROM
ACRYLIC RESIN, WOODEN FLOORING, RUBBER
FLOORING, AND LAMINATE FLOORING, IN
CLASS 19 (U.S. CLS. 1, 12, 33 AND 50).

OWNER OF INTERNATIONAL REGISTRATION
0921754 DATED 10-17-2006, EXPIRES 10-17-2016.

OWNER OF U.S. REG. NOS. 2,666,813 AND
2,669,542.

THE COLOR(S) RED AND BLACK IS/ARE
CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE STYLIZED LET-
TERS "AC" SHOWN IN RED AND THE WORD
"ACRYLICON" SHOWN IN BLACK.

SER. NO. 79-053,316, FILED 4-11-2008.

HEATHER BIDDULPH, EXAMINING ATTORNEY

FILED by _RCS_ D.C.

**JS 44** (Rev. 2/08)

# 09 - 23451 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. - MIAMI

## I. (a) PLAINTIFFS

ACRYLICON USA, LLC,
a Delaware limited liability company,

## DEFENDANTS

SILIKAL GMBH, a foreign company

**(b)** County of Residence of First Listed Plaintiff   Cheasepeake, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Germany
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kevin C. Kaplan, Esq., Coffey Burlington
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133

Attorneys (If Known)

Unknown

**(d)** Check County Where Action Arose: ✔ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✔ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

CIV-MOORE
MAGISTRATE JUDGE
SIMONTON

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ✔ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✔ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✔ NO    b) Related Cases ✔ YES ☐ NO

JUDGE                                          DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✔ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
November 10, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 101174-8

11/12/09