IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23451-CIV-MOORE-SIMONTON

ACRYLICON USA, LLC,
a Delaware limited liability company,

       Plaintiff,

v.

SILIKAL GMBH, a foreign company,

       Defendant.
_____/

**PLAINTIFF ACRYLICON USA, LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

       Plaintiff, ACRYLICON USA, LLC ("AcryliCon"), by and through undersigned counsel, respectfully responds to the Court's Order to Show Cause (dkt # 26) as follows:

**INTRODUCTION**

       As set forth in Plaintiff's Amended Motion to File Documents Under Seal, filed herewith, counsel for Plaintiff has continued to meet and confer with counsel for Defendant in an effort to address the issues regarding confidential documents, and accordingly to narrow the request to file documents under seal. As a result, Plaintiff has withdrawn its request to file under seal its Opposition to Defendant's Motion to Dismiss (dkt # 19) and the entire Declaration of Kevin Kaplan (dkt # 20). Instead, as referenced in the Amended Motion to Seal, Plaintiff requests only that 4 pages from the Deposition of Harald Schmidt of Silikal GmbH be filed under seal.[1]

---

[1] A separate Amended Motion to Seal, along with a sealed envelope containing the 4 pages and a sealed document tracking form are being filed herewith by hand with the Clerk. The 4 pages are 75-76 and 201-202. Upon further review of the Opposition, it appears that a citation to the Kaplan Declaration on page 8, line 5 of the Opposition incorrectly refers to page 310 of the deposition (along with page 76). The citation should be to pages 76 and 201:19-202:3. The same error occurs in the last line of the second paragraph on page 14 of the Opposition.

## **LEGAL ARGUMENT AND CITATION OF AUTHORITIES**

As detailed the Amended Motion to File Documents Under Seal, the 4 pages of the Schmidt deposition sought to be filed under seal were designated as confidential by counsel for Silikal GmbH.  Under the provisions of the proposed "umbrella protective order" that the parties have stipulated to (dkt #16), AcryliCon has the obligation to preserve that claimed confidentiality pending determination by the Court.  While AcryliCon believes the designation may be unnecessary, AcryliCon has not challenged it.

As the Court held in In re Alexander Grant & Co. Litigation, 820 F. 2d 352, 355 (11th Cir. 1987), a district court has broad authority, "[i]n order to preserve the confidentiality of sensitive materials," to regulate access to information by issuing a protective order pursuant to Rule 26(c). Recognizing that "in complicated cases where document-by-document review of discovery materials would be unfeasible," the Court approved the use of "an 'umbrella' protective order, similar to the one [sought to be] issued in this case, . . . to protect documents designated in good faith by the producing party as confidential."  Id.  As the Court explained:

> The realities of today's world have shown that discovery and the exchange of information can become extremely difficult. Busy courts are simply unable to hold hearings every time someone wants to obtain judicial review concerning the nature of a particular document. The order issued in this case, as in others, is designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised. History has confirmed the tremendous saving of time effected by such an approach. The objective is to speed up discovery.

Id. at 356.  Accordingly, the Alexander Court upheld the district court's decision to enter an "umbrella" type order, like the one sought by the parties in this case.  The Court's conclusion seems applicable here:

2

> We conclude that in complex litigation where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c). Accordingly, we find no abuse of discretion and affirm the order of the district court.

Id.; see also McCarthy v. Barnett Bank, 876 F.2d 89, 91 (11th Cir. 1989) (approving and applying the holding in Alexander).

This Court's Order to Show Cause properly explains that such "umbrella" orders do not eliminate the necessity of showing good cause, but merely "postpone" such a showing "until the confidential designation is challenged." Order at 2 (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1307 (11th Cir. 2001)). Here, the burden would be on Silikal GmbH as the party who made the confidentiality designation to supply such a showing of good cause.

While AcryliCon believes the designation is unnecessary, and the deposition pages are not truly confidential, AcryliCon has not formally challenged the designation. Under these circumstances, therefore, it seems appropriate to follow the direction of the Alexander Court and treat the designated pages under the agreed-upon procedures of the proposed "umbrella" protective order – at least until (and if) a challenge to the designation is formally made by AcryliCon or a third party seeking access to the court file. If and when that occurs, the parties' and this court's resources could be invoked to address the issue of good cause.[2] In the meantime, as the amendment of AcryliCon's Motion reflects, the parties have worked together to

---

[2] Of course, if the issue of good cause for the confidentiality designation is now to be addressed, the burden should be on Silikal GmbH as the designating party to supply that showing. In fact, Plaintiff has requested counsel for Silikal GmbH to advise of the specific arguments and citations to authority that it believes support that designation, but they have declined to do so.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

minimize the burden to the Court of filing documents under seal, limiting the request to 4 pages, and more generally to define the terms of an "umbrella" protective order to speed up the discovery process.

**WHEREFORE,** Plaintiff AcryliCon respectfully responds to the Court's Order to Show Cause, and requests that the Court enter an Order sealing the above-listed documents filed by AcryliCon as requested in the Amended Motion to Seal filed under seal concurrently herewith, adopt and approve the parties' proposed Stipulated Protective Order, and provide such other and further relief this Court deems just and proper.

      RESPECTFULLY SUBMITTED,

COFFEY BURLINGTON
/s/ Kevin C. Kaplan
Kevin C. Kaplan
Florida Bar No. 933848
Benjamin H. Brodsky
Florida Bar No. 73748
2966 South Bayshore Drive, Penthouse
Miami, Florida 33133
(305) 858-2900
Attorneys for Plaintiff
ACRYLICON USA, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Kevin C. Kaplan

4

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com